IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DAVID G. JOHNSON and ROGENA L. JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 160266C |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiffs appealed Defendant's offset of the refund of one spouse's overpayment to pay

the other spouse's nontax federal debt.  The parties filed documents that are effectively cross-

motions for summary judgment—Plaintiffs' response to Defendant's Motion for Summary

Judgment included their own request for summary judgment.  Defendant also filed a reply to

Plaintiffs' response.  Oral argument was held by telephone on November 21, 2016.

## I.  STATEMENT OF FACTS

Plaintiffs have not disputed the following statement of facts, laid out by Defendant in its

Motion for Summary Judgment:

> "In order to implement the debt collection authority allowed in 31 USC §
> 3716, the U.S. Department of Treasury created the Treasury Offset Program to
> facilitate the offset of federal payments to federal debts.  Congress authorized the
> U.S. Department of Treasury to enter into agreements with the states to participate
> in the Treasury Offset Program wherein state payments could be offset against
> federal debts and vice versa.  31 USC § 3716(h).  Similarly, the legislature
> authorized the Department of Revenue to enter into an agreement with the federal
> government for the purpose of engaging in the offset of federal tax refunds or
> other federal payments in payment of liquidated state debt * * * *and the offset of*

---

[1] This Final Decision incorporates without change the court's Decision, entered January 30, 2017. Plaintiffs requested costs and disbursements, in the amount of the $252 filing fee, in their Complaint.  *See* Tax Court Rule–Magistrate Division (TCR-MD) 16 C(1).  The court did not receive an objection to that request within 14 days after its Decision was entered.  *See* TCR-MD 16 C(2).

*state tax refunds or other state payments in payment of liquidated federal debt*." ORS 305.612(1) (emphasis added).

"In 2015, the Department of Revenue and the U.S. Department of Treasury entered into such an agreement to facilitate the offset of state payments to pay federal debts and vice versa. (Cridge Decl. ¶ 2, Ex. A). The reciprocal agreement applies in part to 'the offset of the State's tax and nontax payments to collect nontax debts owed to the United States.' (Ex. A § 1). The agreement requires 'the offset of State payments to collect delinquent Federal nontax debts [to] be conducted in accordance with 31 CFR § 285.6 and [ORS] 305.612.' (Ex. A § V.A).

"The plaintiff, David Johnson, and his spouse, Rogena Johnson, filed a 2015 joint Oregon personal income tax return, claiming an overpayment of $1,052. (Cridge Decl. ¶ 3, Ex. B). The Department of Revenue has not audited or adjusted the taxpayers' 2015 return. (Cridge Decl. ¶ 4). Pursuant to the agreement described above, the Department of Revenue transmitted the taxpayers' state overpayment to the U.S. Department of Treasury to be offset against debt that Rogena Johnson owed to the U.S. Department of Education. (Ex. B). The Department of Revenue notified the taxpayers of its action by letter dated April 25, 2016, wherein it also informed the taxpayers that it could not 'divide your refund if the refund was used to pay * * * a Federal Debt.' (Ex. B). The plaintiff appealed the Department of Revenue's action to the Oregon Tax Court."

(Def's Mot Summ J at 1–2.)

Defendant did not file an answer denying any facts alleged by Plaintiffs in their Complaint; those facts are thereby admitted pursuant to Tax Court Rule 19 C. The offset refund was applied to a student loan debt belonging to Rogena Johnson for which David Johnson was not responsible. (Compl at 3.) Plaintiffs filed a Form 8379 (Injured Spouse Allocation) with their 2015 income tax return, which allocated all of Plaintiffs' 2015 income to David Johnson and none to Rogena Johnson. (*Id.*)

Plaintiffs request that David Johnson's overpayment be refunded to him. Defendant requests that the court deny Plaintiffs' appeal, either for lack of jurisdiction or because Plaintiffs are not entitled to relief.

/ / /

## II. ANALYSIS

The issue before the court is whether Plaintiff David G. Johnson is entitled to a refund of the Oregon income tax he overpaid in 2015 when his spouse owed a federal nontax debt. Defendant also raises an issue of the court's jurisdiction.

The issues raised by this case are identical to those raised in *Xuejun J. Smith v. Department of Revenue*, TC–MD 160196N. As Magistrate Boomer demonstrated in *Smith*, the court has jurisdiction over cases arising out of Defendant's obligation under ORS 314.415(1) to refund excess tax paid.[2] Furthermore, as shown in *Smith*, jointly filing taxpayers each have a separate property interest in their tax refund. Defendant owes each joint filer a refund of his or her excess tax paid, although it is the responsibility of taxpayers to request separate refunds under ORS 314.415(7).

Plaintiff David G. Johnson is in the same situation as the plaintiff in *Smith*. The Form 8379 filed with Plaintiffs' return was a timely request for separate refunds. By failing to separate Plaintiffs' refunds and instead applying David G. Johnson's overpayment to pay Rogena L. Johnson's debt, Defendant failed to refund to David G. Johnson his excess tax paid as it was required to do by ORS 314.415(1).

## III. CONCLUSION

The refund claimed on Plaintiffs' joint return belonged to Plaintiff David G. Johnson. Defendant failed to use its authority under ORS 314.415(7) to issue David G. Johnson his refund and instead diverted the refund to pay Plaintiff Rogena L. Johnson's debt. In so doing, Defendant did not comply with the requirement under ORS 314.415(1) to refund any excess tax paid. Now, therefore,

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted. Defendant shall refund to Plaintiff David G. Johnson the overpayment claimed on Plaintiffs' 2015 return.

IT IS FURTHER DECIDED that Plaintiffs' request for costs and disbursements in the amount of $252 is granted.

Dated this ___ day of February, 2017.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 24, 2017.*